**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Marcus Turner**, ) | |
| ) | **CASE NO. 5:18 CV 01285** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| Vs. ) | |
| ) | |
| ) | |
| **Warden David Gray,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondent. ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg ("R&R")(Doc. 19) which recommends denial and dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. (Doc. 21). For the following reasons, the Report and Recommendation is ACCEPTED.

**STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts

1

provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**DISCUSSION**

Petitioner is incarcerated following his convictions of murder, felonious assault, and possession of weapons while under disability. The Petition for Writ of Habeas Corpus asserts seven grounds for relief. The Magistrate Judge concluded, after thorough review, that Ground One is procedurally defaulted, Ground Two is withdrawn by petitioner, and Grounds Three, Four, Five, Six, and Seven fail on the merits. Petitioner objected as to all Grounds, except for Ground Two. Having reviewed the R&R as to Ground Two for clear error, the Court agrees with the Magistrate Judge's conclusion that petitioner has withdrawn this claim.

Ground One of the Petition alleges there was insufficient evidence to sustain petitioner's murder and felonious assault convictions. The Magistrate Judge concluded that this claim was procedurally defaulted because petitioner did not timely present it to the Supreme Court of Ohio. Petitioner objects on the basis that he established both cause and prejudice to excuse this default. As he argued before the Magistrate Judge, petitioner asserts that he was unable to timely present this claim to the Supreme Court of Ohio because his appellate counsel failed to inform him of the state appellate court's decision in a timely manner. Like the Magistrate Judge, this Court concludes that this ineffective assistance of appellate counsel claim is itself procedurally defaulted and cannot excuse the default of Ground One. While petitioner did file a Rule 26(B) application asserting ineffective assistance of appellate counsel, he did not argue that appellate counsel was deficient in failing to notify him of the appellate court judgment. Under Ohio law,

2

"issues of ineffective assistance of counsel must be raised at the first opportunity to do so" in order to avoid default. *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (internal quotations omitted).

Petitioner also argues that because the Magistrate Judge "completely abandoned the respondent's reasoning" in finding the procedural default of Ground One, this must "constitute a finding that the state's argument for default lacks merit." There is no legal requirement that the Magistrate Judge must adopt the respondent's arguments in whole. Accordingly, the Court agrees with the Magistrate Judge and finds Ground One to be procedurally defaulted.

Grounds Three through Five assert ineffective assistance of appellate counsel claims with respect to petitioner's weapons under a disability conviction. In an abundance of caution, this Court will apply *de novo*, rather than deferential, standard of review to these claims, given that the state did not explicitly address them on the merits. The Magistrate Judge found all three of these claims to be without merit under *Strickland v. Washington*, 466 U.S. 668 (1984). Upon review, this Court agrees. Each of these grounds involves claims that petitioner's appellate counsel was ineffective in failing to raise certain arguments on appeal. However, appellate counsel is not obligated to advance every possible argument on appeal. *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). The Magistrate Judge concluded, and this Court agrees, that even if appellate counsel had raised the arguments set forth in Grounds Three through Five, petitioner has not demonstrated that the outcome of his appeal would have been different. Accordingly, these Grounds fail under the prejudice prong set forth in *Strickland.*

In his objections, petitioner asserts that the Magistrate Judge had "no factual basis" to conclude that appellate counsel made the tactical decision to not raise these arguments upon

appeal.  The Court does not find this argument persuasive.  Indeed, the Supreme Court has emphasized that reviewing courts should "affirmatively entertain the range of possible 'reasons [appellate] counsel may have had for proceeding as they did," *Cullen v. Pinholster,* 563 U.S. 170, 196 (2011), and "indulge a strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment."  *Strickland,* 466 U.S. at 689-90, 692.  There is no requirement for a habeas court to have evidence of appellate counsel's strategic decision-making.

Ground Six of the Petition asserts petitioner's appellate counsel did not "properly assert" a claim for insufficiency of the evidence with respect to the murder and felonious assault convictions.  The state appellate court rejected this claim on the merits, applying *Strickland*.  Upon review, the Court agrees with the Magistrate Judge's finding that the state court properly stated *Strickland's* standards, and its determination was not contrary to, or an unreasonable application of, federal law.

Petitioner objects, asserting that the state appellate court would have found insufficient evidence for his murder and felonious assault convictions if his appellate counsel had "properly developed" the argument.  This Court disagrees since as the state appellate court explicitly considered the evidence in the light most favorable to the prosecution as required for sufficiency of the evidence claims.  Accordingly, petitioner is unable to demonstrate the prejudice prong set forth in *Strickland.*  While petitioner emphasizes various pieces of evidence which could lead to a different conclusion, this Court does not reweigh evidence upon habeas review.  *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (in evaluating sufficiency of the evidence claims, a reviewing habeas court does not "reweigh the evidence, re-evaluate the credibility of witnesses,

4

or substitute our judgment for that of the jury").

Finally, Ground Seven asserts petitioner's double jeopardy rights were violated when he was retried for murder and felonious assault. The state appellate court, applying relevant Supreme Court precedent, rejected this claim by concluding that petitioner's acquittal of aggravated murder did not preclude a retrial on his felony murder charge. The Court agrees with the Magistrate Judge's conclusion that the state appellate court's decision was not contrary to, or an unreasonable application of, clearly established federal law.

Petitioner objects, maintaining that the acquittal of the aggravated murder charge during his first trial resulted in a determination that he had not caused the death of another. Petitioner argues that this verdict barred him from being retried for felony murder. However, as noted by the Magistrate Judge, because the elements of each of these crimes differ, acquittal on the aggravated murder charge did not amount to an acquittal on the felony murder charge.

Petitioner also argues that both the Magistrate Judge and the state appellate court did not properly apply *Yeager v. United States*, 557 U.S. 110 (2009) and *Ashe v. Swenson*, 397 U.S. 436 (1970) when evaluating his double jeopardy claim. The Court disagrees. The analysis of both the Magistrate Judge and the state appellate court is in line with the collateral estoppel principles enunciated in *Ashe* and *Yeager*.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which

to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge
                                        Chief Judge

Dated: 5/20/20